[Civ. No. 6305. First Appellate District, Division Two.—October 27, 1928.]

CALIFORNIA BOND & MORTGAGE CO. (a Corporation), Respondent, v. W. K. WASHBURN, Appellant.

Edward R. Eliassen, C. Leonard Rosenberg and Sheridan Downey for Appellant.

Strother P. Walton for Respondent.

NOURSE, J.—Plaintiff sued to recover the balance of the purchase price of certain real property, for a lien for the amount of the judgment, and for a deficiency judgment against the two defendants. The cause was tried before the court without a jury and resulted in a decree in favor of plaintiff for the relief prayed. From this judgment the defendant Washburn alone has appealed on a typewritten transcript.

On February 20, 1920, one Schougaard sold the property in suit to the defendant Washburn under a conditional sale agreement, which he assigned to his co-defendant Pipig on February 23, 1921. On November 2, 1923, Schou-

gaard deeded all his interest in the premises to the plaintiff and at the same time assigned to plaintiff the contract of sale in which Pipig appeared as assignee of the Washburn interests. On July 23, 1925, after notices of default had been given to both defendants, this action was commenced.

On this appeal it is argued that the respondent was guilty of laches and should not recover from the appellant for that reason. The argument is based upon the statement that the respondent looked solely to Pipig for the performance of the condition of the contract, treated appellant as being out of the transaction because of his assignment to Pipig, and failed to give appellant any notice of default by Pipig in the payments called for by the contract. The trial court found that none of these facts was true, and then concluded that the plaintiff was not guilty of laches. The evidence fully supports the findings and the appellant does not show so much as a conflict. Laches is a question of fact to be determined in the trial court upon all the facts and circumstances of the case (10 Cal. Jur., p. 526), and to raise the point on appeal it is necessary to show from the evidence that the finding of the trial court is not supported by the evidence and that there has been an abuse of the discretion reposed in that court.

The appellant argues that, by the substitution of a new vendor and a new vendee, a novation resulted which released him from further obligation under the contract. The argument is that because the respondent recognized Pipig as the vendee after the assignment the court should imply on the part of respondent a consent to release appellant from his obligations. But novation is a new contract (sec. 1530, Civ. Code), which must be proved like any other contract. Here there was no evidence of any intention to substitute a new debtor in place of the old one with intent to release the latter. (Sec. 1531, Civ. Code.) The evidence is all to the contrary and the trial court so found.

The point is made that the respondent does not come into court with clean hands because it acquired the interest of Schougaard contrary to the terms of its permit from the state commissioner of corporations. The whole argument is based upon the assumption that the respondent

delivered to Schougaard shares of its corporate stock in consideration of the deed and assigned alone, whereas the permit issued by the corporation commissioner called for payment in cash of at least forty per cent of the purchase price of stock issued. Here again the trial court found adversely to the appellant and the finding is attacked by printing the portions of the testimony most favorable to appellant. The respondent has printed evidence to show that it purchased the sales contract as an investment and sold the stock to Schougaard through a broker for cash. The transaction which appellant claims might have taken place would have been a crime under the Corporate Securities Act (Stats. 1917, p. 673), and, when we employ the presumption that crime was not committed, and consider this with the testimony outlined by the respondent, we find sufficient evidence to support the finding.

Judgment affirmed.

Sturtevant, J., and Buck, P. J., *pro tem.*, concurred.